IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TIMOTHY BO REESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-087 |
| | ) | |
| SHAWN EMMONS, Warden; TRACY | ) | |
| JEFFERSON, D.W.S.; CHERIE PRICE, | ) | |
| D.W.C.T.; CAPTAIN JONES; KHALILAH | ) | |
| WILLIAMS, Chief Counselor; SENIOR | ) | |
| COUNSELOR PUGH; TIFFANY SAILEM, | ) | |
| Lieutenant; MITZI HALL, D.O.N.; DEANN | ) | |
| MORRIS, H.S.A.; TIMMON, C.E.R.T.; and | ) | |
| FOREMAN, C.E.R.T., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff, formerly incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I. SCREENING OF THE COMPLAINT**

    **A. BACKGROUND**

Plaintiff names as Defendants (1) Shawn Emmons, Warden of JSP; (1) Tracy Jefferson, D.W.S. of JSP; (3) Cherie Price, D.W.C.T. of JSP; (4) Jones, Captain at JSP; (5)

Khalilah Williams, Chief Counselor of JSP; (6) Pugh, Senior Counselor of JSP; (7) DeAnn Morris, H.S.A. of JSP; (8) Mitzi Hall, D.O.N. of JSP; (9) Tiffany Sailem, Lt. at JSP; (10) Timmon, C.E.R.T. Officer at JSP; and (11) Foreman, C.E.R.T. Officer at JSP. (See doc. no. 1, pp. 1, 4, 7.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 13, 2016, Plaintiff was waiting at medical to receive his insulin injection when Defendant Timmon approached Plaintiff and ordered him to place his hands behind his back. (Id. at 12.) Defendant Timmon then placed handcuffs on Plaintiff very tightly and put him in a holding cell for approximately forty-five minutes. The tightness of the handcuffs caused Plaintiff to suffer from pain, tingling, and numbness in his hands and arms. (Id. at 12-13.) When Plaintiff asked Defendant Timmon why he placed Plaintiff in the holding cell, he did not give an answer. (Id.) Plaintiff was doing nothing wrong, and no disciplinary report was ever created on the incident. (Id.)

On June 28, 2016, while Plaintiff was being escorted to the J-1 building, he was sidetracked and placed in a holding cell by Defendant Sailem. (Id. at 14.) After thirty minutes in the holding cell, Defendant Timmon arrived and told Plaintiff he was going to cut his hair. (Id.) Plaintiff objected to this, and told Defendant Timmon that his hair was within the three-inch length regulation set by JSP. (Id.) Over Plaintiff's objections, Defendant Timmon, with the help of Defendants Foreman and Sailem, forcibly cut Plaintiff's hair, beard, and mustache. (Id. at 15.)

Defendants Emmons, Williams, and Pugh all refused to follow the proper statewide grievance procedure in processing Plaintiff's grievances. (Id. at 17.) In particular,

2

Defendant Williams refused to forward one of Plaintiff's grievances to the Internal Investigation Unit, Defendant Pugh refused to accept Plaintiff's appeal of said grievance, and Defendant Emmons refused to accept the grievance as untimely. (Id. at 17-19.) In addition, Defendant Pugh purposely misplaced another grievance filed by Plaintiff. (Id. at 19.)

Finally, Defendants Price, Morris, and Hall refused to treat Plaintiff's injured left hand despite his complaints on multiple occasions of numbness and tingling. (Id. at 20-21.) Plaintiff states he has exhausted all his administrative remedies before filing this complaint. (Id. at 11.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Excessive Force.

Plaintiff fails to state a viable claim for excessive force against Defendants Timmon, Foreman, and Sailem. To establish a claim for excessive force, a plaintiff must show (1) the defendants acted with a malicious and sadistic purpose to inflict harm—the subjective prong— and (2) more than a *de minimis* injury resulted—the objective prong. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

Here, even assuming Defendants Timmon, Foreman, and Sailem satisfied the

subjective prong, Plaintiff fails to allege any facts showing more than a *de minimis* injury. Temporary pain, numbness, and tingling in Plaintiff's hands and arms does not rise above the level of *de minimis*, and a haircut is not a physical injury. See Johnson v. Moody, 206 F. App'x 880, 885 (11th Cir. 2006) (prisoner's finger injury *de minimis* where there was no break or fracture and the only treatment required was tetanus shot, bandages, and non-prescription pain relievers); see also Coppage v. Lucas, No. 7:08-CV-10 (HL), 2009 WL 2566990, at *3 (M.D. Ga. Aug. 14, 2009) (minor injury involving temporary swelling did not rise above the level of *de minimis*); Nolin v. Isbell, 207 F.3d 1253, 1258 n. 4 (11th Cir.2000) (bruises received during an arrest were non-actionable *de minimis* injury); Smith v. City of Moultrie, No. 6:06-CV-39(WLS), 2007 WL 2684983, at *5 (M.D. Ga. Sept. 7, 2007) (quoting Luong v. Hatt, 979 F.Supp. 481 (N.D.Tex.1997)) ("[A greater than *de minimis* injury] is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which last even up to two or three weeks."). Accordingly, Plaintiff fails to state a claim for relief for use of excessive force.

### 3. Plaintiff Fails to State a Claim for Denial of Grievances.

Plaintiff also fails to state a viable claim for denial of grievances based on improper processing of his grievances. Prisoners do not have a constitutionally protected liberty interest in a prison's inmate grievance procedure. See Thomas v. Warner, 237 F. App'x 435, 438 (11th Cir. 2007). Consequently, "Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim." Id.

### 4. Plaintiff Fails to State a Claim for Deliberate Indifference to His Medical Needs.

Plaintiff also fails to state a viable Eighth Amendment claim for deliberate indifference to his injured left hand. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been

> negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Here, Plaintiff has not shown an objectively serious medical need. Indeed, Plaintiff alleges no facts indicating his hand injury was severe other than general claims of "numbness, tingling, and pain and suffering." (See doc. no. 1, p. 20.) Such vague allegations, without more, are insufficient to establish a medical need "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326.

Accordingly, as Plaintiff fails to state any claim upon which relief can be granted, his complaint should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of February, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA