IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TIMOTHY BO REESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-087 |
| | ) | |
| SHAWN EMMONS, Warden; TRACY | ) | |
| JEFFERSON, D.W.S.; CHERIE PRICE, | ) | |
| D.W.C.T.; CAPTAIN JONES; KHALILAH | ) | |
| WILLIAMS, Chief Counselor; SENIOR | ) | |
| COUNSELOR PUGH; TIFFANY SAILEM, | ) | |
| Lieutenant; MITZI HALL, D.O.N.; DEANN | ) | |
| MORRIS, H.S.A.; TIMMON, C.E.R.T.; and | ) | |
| FOREMAN, C.E.R.T., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff, formerly incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.      SCREENING OF THE COMPLAINT**

   **A.      BACKGROUND**

Plaintiff names as Defendants (1) Shawn Emmons, Warden; (1) Tracy Jefferson, D.W.S.; (3) Cherie Price, D.W.C.T.; (4) Captain Jones; (5) Khalilah Williams, Chief

Counselor; (6) Pugh, Senior Counselor; (7) DeAnn Morris, H.S.A.; (8) Mitzi Hall, D.O.N.; (9) Tiffany Sailem, Lieutenant; (10) Timmon, C.E.R.T.; and (11) Foreman, C.E.R.T.. (See doc. no. 15, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 13, 2016, when Plaintiff was standing in a medical line to receive his insulin injection, Defendant Timmon approached Plaintiff and ordered him to place his hands behind his back. (Id. at 5.) Defendant Timmon then placed handcuffs on Plaintiff in a "forceful and unorthodox manner," and put him in a holding cell for approximately forty-five minutes. (Id.) Plaintiff was doing nothing wrong, and he did not receive a disciplinary report. (Id.) Upon release from the handcuffs, Plaintiff experienced tingling, numbness, and loss of sensation in his hands and fingers. (Id.) He immediately sought out medical care, but was not seen until eleven months later. (Id.)

On June 28, 2016, while Plaintiff was being escorted to the J-1 segregation lockdown, Defendant Sailem sidetracked him to the I.D. room and placed him in a holding cell. (Id. at 6.) After twenty minutes in the holding cell, Defendant Timmon arrived and told Plaintiff he was going to cut his hair before transporting him to J-1. (Id.) Defendants Timmons and Foreman then grabbed Plaintiff and forced him into the barber chair, mashing his hands between his back and the chair and further injuring them. (Id.)

Defendants Emmons, Williams, and Pugh all refused to follow the proper statewide grievance procedure in processing Plaintiff's grievances. (Id. at 7-8, 10.) In particular, Defendant Williams failed to conduct an internal investigation and contact medical when notified via grievance of Plaintiff's hand injury. (Id. at 7.) Defendant Emmons refused to

2

respond to grievances and mandated treatment for his hand injury. (Id. at 8.) Defendant Pugh refused to accept and process Plaintiff's grievances and tried to conceal the injury to Plaintiff's hand. (Id. at 10.) In addition, Defendant Pugh told Plaintiff he could be seen by medical if he would drop his grievances. (Id.)

Finally, Defendants Price, Morris, and Hall refused to treat Plaintiff's injured left hand. (Id. at 9-10.) Despite repeated sick call requests and grievances, these Defendants refused to treat his injury until a year after he first complained. (Id. at 9.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

3

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.      Plaintiff Fails to State a Claim for Denial of Grievances.

Plaintiff fails to state a viable claim for denial of grievances based on improper processing of his grievances.  Prisoners do not have a constitutionally protected liberty interest in a prison's inmate grievance procedure. See Thomas v. Warner, 237 F. App'x 435, 438 (11th Cir. 2007).  Consequently, "Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim." Id.  To the extent Plaintiff attempts to state a claim for deliberate indifference for Defendant

Pugh's offer to send him to medical if he would stop filing grievances, that claim also fails because, as discussed below, Plaintiff did not have an objectively serious medical need.

### 3. Plaintiff Fails to State a Claim for Deliberate Indifference to His Medical Needs.

Plaintiff also fails to state a viable Eighth Amendment claim for deliberate indifference to his injured left hand. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v.

5

Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.  Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference.  See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Here, Plaintiff has not shown an objectively serious medical need.  Plaintiff alleges no facts indicating his hand injury was severe other than general claims of pain, numbness, and tingling.  (See generally doc. no. 1, pp. 6-10.)  Furthermore, when Plaintiff was finally seen by a doctor, the medical records he provides show he only had "carpal tunnel syndrome of grade 3 (moderate-degree)" and "peripheral neuropathy probably secondary to his underlying diabetes." (Id. at 35, Ex. 18A.)  Such a diagnosis combined only with complaints of moderate pain, tingling, and numbness is insufficient to establish a medical need "so obvious that even a

lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's grievance and deliberate indifference claims be **DISMISSED**. As no claims remain against them, the Court further **REPORTS** and **RECOMMENDS** all Defendants except Defendants Timmon, Foreman, and Sailem be **DISMISSED** from this case. In a companion Order, the Court has allowed Plaintiff's Eighth Amendment excessive force claims against Defendants Timmon, Foreman, and Sailem to proceed.

SO REPORTED and RECOMMENDED this 30th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA