IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TIMOTHY BO REESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-087 |
| | ) | |
| SHAWN EMMONS, Warden; TRACY | ) | |
| JEFFERSON, D.W.S.; CHERIE PRICE, | ) | |
| D.W.C.T.; CAPTAIN JONES; KHALILAH | ) | |
| WILLIAMS, Chief Counselor; SENIOR | ) | |
| COUNSELOR PUGH; TIFFANY SAILEM, | ) | |
| Lieutenant; MITZI HALL, D.O.N.; DEANN | ) | |
| MORRIS, H.S.A.; TIMMON, C.E.R.T.; and | ) | |
| FOREMAN, C.E.R.T., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. In lieu of objections, Plaintiff filed a Motion to Clarify Statement requesting permission to "clarify" statements in his complaint regarding Defendants the Magistrate Judge recommended be dismissed. (Doc. no. 21.) Plaintiff does not indicate which statements he wishes to clarify or what is defective with his current complaint.

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, provides as follows:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is

required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Plaintiff previously filed an amended complaint; thus, he is not entitled to amend as a matter of right. Furthermore, although the leave to amend is generally freely given, Plaintiff's amendment is improper because it is futile. Plaintiff alleges no new facts in his motion showing his grievance and deliberate indifference claims should not be dismissed; he does not even indicate with any particularity which statements he intends to clarify. Indeed, Plaintiff is clearly stalling to fix any deficiencies identified by the Magistrate Judge in the

2

R&R, just as he did when he received the Magistrate's first R&R. Because Plaintiff fails to identify with any particularity how any "clarification" would cure his failure to state a claim upon which relief can be given, his attempt to amend his complaint is futile. See Parks v. Overstreet, No. 5:14CV327-WS, 2015 WL 1179846, at *4 (N.D. Fla. Mar. 13, 2015) ("Plaintiff's claims . . . do not—and cannot—state a claim on which relief may be granted, so amendment would clearly be futile.")

Accordingly, the Court **DENIES** Plaintiff's Motion to Clarify Statement (doc. no. 21), **ADOPTS** the R&R of the Magistrate Judge as its opinion, and **DISMISSES** Plaintiff's grievance and deliberate indifference claims. As no claims remain against them, the Court **DISMISSES** Defendants Emmons, Jefferson, Price, Jones, Williams, Pugh, Hall, and Morris from this case. As explained in the Magistrate Judge's March 30, 2017 Order, the case shall proceed on Plaintiff's Eighth Amendment excessive force claims against Defendants Timmon, Foreman, and Sailem. (Doc. no. 19.)

SO ORDERED this ___ day of May, 2017, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

3