IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TIMOTHY BO REESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-087 |
| | ) | |
| TIFFANY SAILEM, Lieutenant; TIMMON, C.E.R.T.; and FOREMAN, C.E.R.T., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court are Plaintiff's Motion of Explanation (doc. no. 46) and Motion to Appoint Counsel (doc. no. 52), as well as Defendant's unopposed Motion to Stay Discovery (doc. no. 48).

In his Motion of Explanation, Plaintiff explains his difficulties finding a notary for his response to Defendants' motion to dismiss because of Hurricane Irma. Because the pleading is more properly characterized as a notice and requires no action by the Court, the Court **DENIES AS MOOT** Plaintiff's Motion. (Doc. no. 46.) Furthermore, in its November 9, 2016 Order, the Court clearly articulated the reasons Plaintiff is not entitled to counsel. (See doc. no. 4, pp. 4-5.) Since none of Plaintiff's circumstances have changed, the Court **DENIES** Plaintiff's Motion to Appoint Counsel. (Doc. no. 52.)

Turning to Defendant's Motion to Stay, the Court has "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important

aspect of the case." Ameris Bank v. Russack, No. CV 614-002, 2014 WL 2465203, at *1 (S.D. Ga. May 29, 2014) (quoting Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987)). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (internal citation and quotation omitted).

The court may take a "preliminary peak" at the merits of the dispositive motion to assess the likelihood that it will be granted. Russack, 2014 WL 2465203, at *1 (citing Feldman, 176 F.R.D. at 652). Here, because a cursory review of the motion to dismiss suggests it has the *potential* to be "case-dispositive," Feldman, 176 F.R.D. at 653, or could restrict the scope of discovery, discovery should be stayed. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); see also Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005). Plaintiff has already responded to the motion and does not contend he cannot oppose the motion without further discovery. (See doc. no. 49.)

Accordingly, the Court **GRANTS** Defendants' unopposed motion to stay discovery

and **STAYS** discovery until resolution of Defendant's motion to dismiss. (Doc. no. 48.)

SO ORDERED this 4th day of October, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA