FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 JUN 13 AM 11:22
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

TIMOTHY BO REESE,

 Plaintiff,

v.   CV 316-087

TIFFANY SAILEM, Lieutentant;
TIMMON, C.E.R.T.; and FOREMAN,
C.E.R.T.,

 Defendants.

## O R D E R

On January 17, 2018, the United States Magistrate Judge entered a Report and Recommendation in which he recommended that Plaintiff Timothy Bo Reese's lawsuit under 42 U.S.C. § 1983 be dismissed for failure to exhaust administrative remedies. This Court adopted the Report and Recommendation over Plaintiff's objections on March 5, 2018, and dismissed the case.

On March 16, 2018, Plaintiff filed a timely notice of appeal; however, this Court has denied Plaintiff leave to proceed in forma pauperis on appeal because he has failed to state a non-frivolous ground for his appeal.

Presently, Plaintiff has filed a "Motion Showing Plaintiff Exhausted his Administrative Remedy" and purportedly presents evidence relevant to the grievance procedure. The

Court construes the motion as one for reconsideration.

Reconsideration of a prior order is appropriate only if the movant demonstrates: (1) an intervening change of law; (2) the availability of new evidence; and (3) the need to correct a clear error of law or prevent manifest injustice. E.g., Center for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Estate of Pidcock v. Sunnyland America, Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989). A motion for reconsideration should not be used to relitigate issues which have already been found lacking. Gov't Personnel Servs., Inc. v. Gov't Personnel Mut. Life Ins. Co., 759 F. Supp. 792, 793 (M.D. Fla. 1991), aff'd, 986 F.2d 506 (11th Cir. 1993). In fact, a court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. Region 8 Forest Servs. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993).

With these standards in mind and upon due consideration, Plaintiff has not demonstrated that the dismissal of this case was inappropriate. The Court notes that Plaintiff's present motion offers evidence related to his attempts to file an administrative appeal from the subject grievances at Johnson State Prison. Yet, the appeal of his grievances were not the problem for Plaintiff. Rather, one of his grievances (Grievance 215994) was dismissed because it was not timely

2

filed with prison officials in the first place; thus, any evidence related to an appeal therefrom is irrelevant. The second grievance (Grievance 222146) was dismissed because Plaintiff had not completed the administrative process (i.e., he had not received a response from the Central Office regarding his appeal) prior to filing this lawsuit. (<u>See generally</u> Report and Recommendation of Jan. 17, 2018, doc. no. 64.) Plaintiff's evidence does not alleviate this problem. Accordingly, Plaintiff's motion for reconsideration is without merit.

Upon the foregoing, Plaintiff's motion for reconsideration, titled "Motion Showing Plaintiff Exhausted his Administrative Remedy" (doc. no. 83), is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___13th___ day of June, 2018.

UNITED STATES DISTRICT JUDGE